[No. 22221. Department Two. May 20, 1930.]

W. B. IVES *et al., Respondents,* v. L. G. SILVERNAIL *et al., Appellants.*[1]

*C. J. Henderson* and *Alfred McBee,* for appellants.
*Thomas Smith* and *R. V. Welts,* for respondents.

MAIN, J.—This action was brought to recover for personal injuries and for damages to an automobile,

[1]Reported in 288 Pac. 276.

which were the result of an accident. The defendants denied liability and affirmatively pleaded contributory negligence. The cause was tried to the court without a jury, and resulted in findings sustaining a recovery. Judgment was entered in favor of the plaintiffs for the sum of $2,870.60, from which the defendants appeal.

The accident happened July 10, 1928, at about eleven o'clock, a. m., on the Pacific highway about three miles south of the city of Mount Vernon. A truck, owned by the appellants and operated in their behalf by L. G. Silvernail, was proceeding south loaded with empty milk cans. The respondents, W. B. Ives and wife, were proceeding in the same direction in a Cadillac automobile driven by Mr. Ives. As the respondents attempted to pass the truck, the driver thereof turned suddenly to the left, for the purpose of entering a private roadway, and the left front of the truck struck the right side of the Cadillac automobile, with the result that Mrs. Ives sustained serious injury and the automobile was damaged.

The trial court found the facts as follows:

"The plaintiff, W. B. Ives, on said day and date was lawfully driving an automobile southward on the paved highway known as the Pacific highway at about 11 o'clock on the morning of said day, when he overtook defendants' milk truck, driven as aforesaid by defendant, L. G. Silvernail, at or about the point of intersection with said private road. That the said plaintiff gave warning by sounding his horn that he intended to pass said truck on the left side thereof and, after giving said warning, started to pass the same, when the driver of said truck, without adequate warning, negligently turned said truck abruptly to the left and into and against the side of plaintiffs' car as he was passing said truck, thereby striking said car near the right front door, thereby causing said car to go off of the highway on the left hand side thereof, causing

the same to turn over on its left side. That the driver of the said truck had apprised himself and was aware of the approach of said automobile from and at the rear of his truck when the same was some distance away, and immediately before he turned abruptly to the left saw said automobile in his rear view mirror, and saw and knew that the same had overtaken him, was at or about even with the rear of his truck and was proceeding past the same on the left hand side thereof, and at said time the driver of said truck was driving the same on the right hand side of the center of said roadway and he negligently turned the said truck abruptly to the left into and against the side of plaintiffs' said car, striking it on the right front door as it was passing said truck, and the plaintiff was then and at all times driving said automobile at a lawful rate of speed on the proper side of the highway to pass said truck and in all ways in a careful and prudent manner.''

If the facts as found by the trial court are correct, Silvernail was negligent in attempting to turn to the left across the highway, for the purpose of entering the private road, without extending his arm indicating his intention so to do, and Mr. Ives, before he attempted to pass the truck, did not fail to give the proper warning signal by sounding the horn.

After giving attentive consideration to all of the evidence, we are of the opinion that the trial court correctly found the facts and rightly concluded that the respondents were entitled to the amount of damages which was awarded to them.

It is said that the trial court committed error in refusing to permit Eugene Babcock, a witness called by the appellants, to express an opinion as to the speed that the Cadillac automobile was traveling just before and at the time it attempted to pass the truck. This witness was standing in a berry patch nearby, and had observed both the truck and the automobile as they

came along the highway, and saw the accident. He was permitted to testify that the Cadillac was traveling much faster than automobiles usually traveled along the highway at or near that point, and that it was going at "an awful rate of speed." This witness never had any experience in driving an automobile, and the court, objection being made, did not permit him to express an opinion as to the speed that the automobile was traveling. While the witness might properly have been permitted to testify, even though what he said would not have been of very great probative value, it was not reversible error to reject the testimony. The testimony which he had already given amounted to substantially the same as if he had expressed an opinion that the automobile was going between fifty and sixty miles per hour, which was the offer of proof.

In addition to this, whatever may have been the speed of the automobile before and as it attempted to pass the truck, that was not a contributing cause to the accident. The driver of the truck knew that the automobile was approaching, had timely warning that it was going to pass by the sounding of the horn, and nevertheless turned the truck to the left in the path of the automobile without giving a warning signal.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, MILLARD, and HOLCOMB, JJ., concur.